## M. M. Dupouey v. United States

**No. 7598.**—Invoice dated Merida, Mexico, February 12, 1947.
Certified February 13, 1947.
Entered at New Orleans, La., February 21, 1947.
Entry No. 1416.

(Decided June 9, 1948)

*Wallace & Schwartz* (*Joseph Schwartz* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

Johnson, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

(1) That the merchandise in suit consists of sisal twine from Mexico, invoiced as follows:

| Marks and numbers | Description of merchandise | | | Invoiced per pound U. S. $ |
|---|---|---|---|---|
| D. H. S. | | | LBS. | |
| 1570 | Unclipped—6 | bales 30/10, | 2/300—1, 905 | 0. 17½ |
| 1570 | Unclipped—20 | bales | 1/300—1, 002 | . 17 |
| 1494 | Unclipped—463 | bales 30/5, | 1/300—62, 866 | . 17 |
| 1494 | Unclipped—19 | bales 30/10, | 1/300—5, 842 | . 17 |
| 1494 | Clipped —64 | bales 30/5, | 1/300—9, 555 | . 17½ |
| 1494 | Clipped —8 | bales 60/5, | 1/300—2, 431 | . 17½ |
| 1462 | Clipped —28 | reels | 2/400—1, 400 | . 18 |
| 1307 | Clipped —51. | coils | 2/500—5, 996 | . 19. |

(2) That the said merchandise was entered at the invoiced prices less non-dutiable charges marked "XX" on the invoice.

(3) That the invoiced unit values for the said merchandise as above stated, less nondutiable charges marked "XX" on the invoice, represent the prices at which such or similar merchandise was freely offered for sale to all purchasers,

at time of exportation of said merchandise, in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

(4) That there was no higher foreign value for the said merchandise.

(5) That this case is hereby submitted for decision upon this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the invoiced unit values, less the nondutiable charges marked "XX" on the invoice.

Judgment will be rendered accordingly.